**E-Filed 5/17/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAMAL F. SYAMANSOORI, et al., | Case Number C 06-02647 JF (RS) |
| Petitioners, | ORDER[1] TO SHOW CAUSE |
| v. | [re: docket no. 1] |
| DAVID STILL, District Director, United States Department of Homeland Security, Bureau of Citizenship and Immigration Services, et al., | |
| Respondents. | |

On April 19, 2006, Petitioners Samal F. Syamansoori and Zerin I. Syamansoori filed a "Petition for Hearing on Petitioners' Application for Naturalization Pursuant to 8 U.S.C. § 1447(b)" against Respondents David Still in his official capacity as District Director, United States Department of Homeland Security, Bureau of United States Citizenship and Immigration Services ("USCIS"), San Francisco, California, Michael Chertoff in his official capacity as Secretary of the Department of Homeland Security, Emilio T. Gonzalez in his official capacity as Director of the Department of Homeland Security, Bureau of USCIS, and the United States of

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-02647 JF (RS)
ORDER TO SHOW CAUSE
(JFLC1)

America.

Petitioners allege the following. Samal and Zerin Syamansoori, husband and wife, are citizens and nationals of Iraq and lawful residents of the United States. They entered the United States as asylees in March, 1997 and became legal permanent residents on February 25, 1999. On January 22, 2004, Petitioners filed applications for naturalization with the USCIS, and their naturalization interviews were held on September 15, 2004. At their interviews, they were told that their interviews had been successful, but that decisions could not be made until FBI background checks had been completed. Other than a "Fingerprint Referral Notice" dated May 9, 2005, Petitioners have not received any decision or notice of action from the USCIS. At the time Petitioners filed their applications for naturalization, they were employed as instructors in the Arabic and Kurdish languages at the Defense Language Institute at the U.S. Government Armed Services language school in Monterey, California. As of the time the instant motion was filed, Petitioners are "assigned to and engaged in a special project for the Department of Defense (DOD)."

Petitioners allege that Respondents have violated 8 U.S.C. § 1447(b), which provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Petitioners request that this Court assume jurisdiction over the instant matter, hold a hearing on Petitioners' naturalization applications, and grant them naturalization.

Good cause therefore appearing, IT IS HEREBY ORDERED as follows:

(1) The Clerk of the Court shall serve by certified mail a copy of the petition and a copy of this Order upon counsel for Respondents, the Office of the United States Attorney. The Clerk of the Court also shall serve a copy of this Order upon counsel for Petitioners, Joanne Haag.

(2) Respondents shall, within thirty (30) days after receiving this order, file and serve upon Petitioners an answer, showing cause why a writ of mandamus requiring Respondents to

1  adjudicate Petitioners' applications immediately should not issue.  At the time the answer is filed,
2  Respondents shall lodge with the Court all records relevant to a determination of the issues
3  presented by the complaint.  If respondents contend that Petitioners have failed to exhaust
4  administrative remedies as to any ground for relief asserted in the complaint, Respondents shall
5  specify what administrative remedy remains available to Petitioners.  If Respondents waive or
6  concede the issue of exhaustion, Respondents shall so state in their answer.

7      (3)    Petitioners may file a response to the matters raised in the answer within thirty
8  (30) days after receiving the answer.

9      (4)    Unless otherwise ordered by the Court, the matter will be deemed submitted upon
10 the filing of the response or upon the expiration of time to file a response.

13 DATED: May 17, 2006

                                     JEREMY FOGEL
                                     United States District Judge

Case No. C 06-02647 JF (RS)
ORDER TO SHOW CAUSE
(JFLC1)

1  This Order has been served upon the following persons:

2  Joanne Haag
   Law Offices of Joanne Haag
3  Post Office Box 6208
   Carmel, CA 93921
4
   Office of the United States Attorney
5  150 Almaden Blvd., Suite 900
   San Jose, CA 95113
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 06-02647 JF (RS)
ORDER TO SHOW CAUSE
(JFLC1)